# In the United States District Court for the Southern District of Georgia Waycross Division

VICTOR EMMANUEL DA SILVA MARTINS,

    Petitioner,

v.

WARDEN, FOLKSTON ICE PROCESSING FACILITY,

    Respondent.

5:25-cv-152

## ORDER

After review of the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus in this case, the Court determined Petitioner, through counsel, raises the same claim and seeks the same relief as the Petitioners in the <u>Villa</u> consolidated cases, Case Number 5:25-cv-89. Dkt. No. 1. The Court directed service of the Petition and directed Respondent to show cause why this Petitioner is not entitled to the same relief as the <u>Villa</u> consolidated Petitioners. Dkt. No. 5. Respondent has filed his Response. Dkt. No. 9. Respondent states that none of Petitioner's claims are meritorious. However, Respondent recognizes that Petitioner does raise a challenge similar to the <u>Villa</u> Petitioners' claims and acknowledges that, if the Court adheres to the reasoning in <u>Villa</u>, that same reasoning controls the outcome in this case. Respondent notes he is reserving all rights, including the right to appeal,

and provides the Court with an abbreviated response to the Petition. Id. at 2. If the Court grants this Petition, Respondent asks for seven (7) days to arrange an individualized bond hearing. Id. at 9.

The Court finds that Petitioner's claims are sufficiently similar to the claims in Villa and, therefore, the reasoning in Villa applies with equal force here. Petitioner falls in the category of those detainees who have been detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado but would otherwise be subject to discretionary bond under 8 U.S.C. § 1226(a). Dkt. No. 1 at 13. Thus, the Court **GRANTS in part** Petitioner's § 2241 Petition and **ORDERS** Respondent to provide Petitioner with a bond hearing, as § 1226(a) requires, within seven (7) days of this Order. The Court **DIRECTS** Respondent to comply with the immigration judge's conclusions in that bond hearing. The Court **DISMISSES** all non-Warden Respondents. Villa v. Normand, 5:25-cv-89, Dkt. No. 84. The Court also **DIRECTS** the Clerk of Court

to **CLOSE** this civil action and enter the appropriate judgment.[1]

**SO ORDERED**, this __23__ day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes Petitioner's counsel asks that the Court award attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). Dkt. No. 1 at 15. The Court does not entertain any request for fees and costs at this time, as there is not a fully supported motion before the Court. In addition, the Court has not identified any Eleventh Circuit Court of Appeals' decision considering the application of the EAJA in the habeas context but notes there is a Circuit split regarding the applicability. See Barco v. Witte, 65 F.4th 782 (5th Cir. 2023) (noting immigration detainees' habeas corpus proceedings were not purely civil actions within the meaning of the EAJA); but see Vacchio v. Ashcroft, 404 F.3d 663, 668 (2d Cir. 2005) (holding that immigration habeas petitions are included in "civil actions" as that term is used in the EAJA).

3